

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11    JAIME BRETADO,                    )      NO. CV 07-4612-CAS (AGR)
                                        )
12              Petitioner,             )
                                        )
13         v.                           )
                                        )      ORDER ADOPTING
14    JEANNE S. WOODFORD, Warden,       )      MAGISTRATE JUDGE'S
                                        )      REPORT AND
15              Respondent.             )      RECOMMENDATION
                                        )
16                                      )
                                        )
17    _____ )

18         Pursuant to 28 U.S.C. § 636, the Court has reviewed the entire file *de novo*,

19    including the Petition; the Magistrate Judge's Report and Recommendation

20    ("R&R"); the Objections to the R&R filed on November 19, 2008; and the records

21    and files.  Based upon the Court's *de novo* review, the Court agrees with the

22    recommendation of the Magistrate Judge.

23         Petitioner raises objections that relate to time frames that the Magistrate

24    Judge assumed, without deciding, were tolled.  (*See* Objections at 5 (January 27,

25    2004, to April 6, 2004); 14 (April 6, 2004); 15 (April 6, 2004); 7-8, 16-17 (March

26    30, 2005, to July 2005).  The Magistrate Judge gave Petitioner the benefit of

27    tolling during the periods January 27 through April 6, 2004; March 30 through July

28    15, 2005; August 18 through September 12, 2005; and March 21 through May 15,

1 | 2006.  (R&R at 9.)

2 | Even when those periods are tolled, however, the Petition is still time-
3 | barred.  Therefore, this Court will focus on the remaining three time frames of July
4 | 16, 2005, through August 17, 2005; September 13, 2005, through March 20,
5 | 2006; and May 16, 2006, through July 12, 2007.

6 | Petitioner claims he is entitled to statutory tolling pursuant to 28 U.S.C. §
7 | 2244(d)(1)(B) for the period from July 25, 2005, until about July 13, 2007.
8 | (Objections at 17.)  Under § 2244(d)(1)(B), the statute of limitations would start to
9 | run on "the date on which the impediment to filing an application created by State
10 | action in violation of the Constitution or laws of the United States is removed, if
11 | the applicant was prevented from filing by such State action."

12 | Petitioner did not file an opposition to the Respondent's motion to dismiss
13 | the petition, despite numerous extensions of time,[1] and did not raise §
14 | 2244(d)(1)(B) before the Magistrate Judge.  However, Petitioner's arguments in
15 | support of § 2244(d)(1)(B) are essentially the same contentions addressed in the
16 | R&R under equitable tolling.  *See Gaston v. Palmer*, 417 F.3d 1030, 1035 (9th
17 | Cir. 2005) ("the district court's rejection of equitable tolling based on Gaston's
18 | disabilities constitutes an implicit rejection of his impediment argument"), *as
19 | amended*, 447 F.3d 1165 (9th Cir. 2006), *cert. denied*, 127 S. Ct. 979 (2007).

20 | "To obtain relief under § 2244(d)(1)(B), the petitioner must show a causal
21 | connection between the unlawful impediment and his failure to file a timely habeas
22 | petition."  *Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1060 (9th Cir.
23 | 2007).  Petitioner's argument that the Respondent bears the burden of showing
24 | that an impediment did not prevent the filing of a timely petition is rejected.
25 | (Objections at 12.)  In *Bryant*, "lack of access to case law during the relevant time
26 | period was not an impediment for purposes of statutory tolling because it did not

27 |

28 | [1] *See* Dkt. Nos. 13, 15, 17, 19, 21, 26, 28; R&R at 2-3.

2

1  prevent [petitioner] from filing his petition." *Bryant*, 499 F.3d at 1060.

2       Petitioner contends that the impediments consist of an inadequate law

3  library, insufficient access to the law library, and the prison's failure to provide

4  assistance from persons trained in the law. (Objections at 17.)

5       However, Petitioner has failed to establish that these impediments

6  prevented him from filing a timely petition during the almost two-year period at

7  issue.  Petitioner makes only general allegations that the prison "has long failed to

8  adequately maintain its facility law libraries," most of the mandated materials have

9  not been updated in years, the four computer terminals are not sufficient for the

10  number of "inmates scheduled to attend each law library session," and sometimes

11  computer errors prevent access to materials. (*Id.* at 18.)  Petitioner does not

12  explain how any of these factors prevented him from filing a timely habeas

13  petition based on ineffective assistance of counsel.  Petitioner does not identify

14  any specific, "essential" materials that were inadequate, and does not explain why

15  those inadequate materials (whether online or in hard copy) prevented him from

16  filing a timely petition.  Accordingly, Petitioner has not shown that an inadequate

17  law library prevented him from filing a timely petition.[2] *See Bryant*, 499 F.3d at

18  1060; *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (per

19  curiam) (petitioner alleged that unavailability of a copy of the AEDPA's statute of

20  limitations in prison law library prevented him from filing timely petition).

21       Similarly, Petitioner does not show that insufficient access to the law library

22  prevented him from filing a timely petition.  Petitioner submits a new declaration

23  attached to the Objections. (Objections, Attachment 1.)  Petitioner's submission

24

25

26

27  _____

28      [2] Petitioner does not state that he was unaware of the AEDPA statute of limitations.

1  of new evidence is improper.[3]  *See Greenhow v. Secretary of Health & Human*

2  *Servs.*, 863 F.2d 633, 638-39 (9th Cir. 1988) ("'[A]llowing parties to litigate fully

3  their case before the magistrate and, if unsuccessful, to change their strategy and

4  present a different theory to the district court would frustrate the purpose of the

5  Magistrates Act."), *overruled on other grounds by United States v. Hardesty*, 977

6  F.2d 1347, 1348 (9th Cir. 1992) (en banc) (per curiam), *cert. denied*, 507 U.S. 978

7  (1993).  Nevertheless, the Court exercises its discretion to consider Petitioner's

8  declaration attached to the Objections.  *Espinoza-Matthews v. California*, 432

9  F.3d 1021, 1026 n.4 (9th Cir. 2005); *United States v. Howell*, 231 F.3d 615, 621-

10  22 (9th Cir. 2000).

11      The Magistrate Judge concluded that the Petition would be untimely even

12  giving Petitioner the benefit of equitable tolling during a 26-day period from

13  August 18 through September 12, 2005 (when the prison was on lockdown), and a

14  56-day period from March 21 through May 15, 2006 (when the prison was on a

15  modified program).  (R&R at 6-7.)  The statute of limitations would expire on

16  October 5, 2006, and the Petition would still be nine months late.  (*Id.* at 7.)

17      Petitioner now appears to state that, during the period July 25, 2005, to

18  February 28, 2007, – which covers at best 19 months out of the 24 months at

19  issue – "[o]n, at least, a few different occasions, I did request to be scheduled for

20  the law library, although, I was either not scheduled and/or such law library

21  sessions were cancelled by CAL staff."  (Objections, Attachment 1 ¶ 14.)  Even

22  assuming Petitioner's statement is true[4] and that his few requests did not overlap

23  with the time frames for which Petitioner already has the benefit of equitable

24

25      [3] As discussed above, Petitioner was given seven extensions of time to

26  oppose Respondent's motion to dismiss.  (Dkt. Nos. 13, 15, 17, 19, 21, 26, 28.)
    Petitioner lodged 75 exhibits but did not file an opposition.

27      [4] Petitioner attaches no documentation regarding his request for access to

28  the prison law library, in contrast to other inmate grievances that Petitioner lodged
    as exhibits.  (*See* R&R at 7-8.)

1   tolling, a request for access on "a few different occasions" during an

2   approximately two-year period does not establish that denial of access to the

3   library **prevented** him from filing a timely petition. *Cf. Espinoza-Matthews*, 432

4   F.3d at 1028 (petitioner made showing that he was denied access to his legal file

5   "for the duration in which he was housed in Ad/Seg" and received access with only

6   one month left in limitations period).

7        With respect to Petitioner's allegation that the prison failed to provide

8   assistance from persons trained in the law, Petitioner has failed to show a state

9   impediment in violation of the Constitution or laws of the United States.

10  Petitioner has a constitutional right of access to the courts. *Lewis v. Casey*, 518

11  U.S. 343, 350, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996). Contrary to

12  Petitioner's argument, the Supreme Court has not established a constitutional

13  right to a law library or to legal assistance. *Id.* (interpreting *Bounds v. Smith*, 430

14  U.S. 817, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977)). "[P]rison law libraries and legal

15  assistance programs are not ends in themselves, but only the means for ensuring

16  'a reasonably adequate opportunity to present claimed violations of fundamental

17  constitutional rights to the courts.'" *Id.* at 351 (quoting *Bounds*, 430 U.S. at 825).

18  In *Bounds*, the Court held that a law library was "one constitutionally acceptable

19  method to assure meaningful access to the courts." *Id.* (quoting *Bounds*, 430

20  U.S. at 830). Providing prisoners with adequate assistance from persons trained

21  in the law may be another constitutional alternative. *Bounds*, 430 U.S. at 828.

22  However, as discussed above, Petitioner has not shown that an inadequate law

23  library prevented him from filing a timely petition. Petitioner does not have a right

24  to counsel on collateral review and is not constitutionally entitled to legal

25  assistance. *See, e.g., Popov v. Marshall*, 2006 WL 2583583, *5 (E.D. Cal. 2006)

26  (citing to cases); *Ayala v. Scribner*, 2008 WL 2811491, *9 n.19 (C.D. Cal. 2008).

27        Petitioner's objections that he is entitled to equitable or statutory tolling are

28  without merit.

5

1    IT IS ORDERED that the Report and Recommendation is adopted, and

2   that Judgment be entered denying the Petition and dismissing this action with

3   prejudice.

4

5   DATED: ___12/2/08___

6                                        CHRISTINA A. SNYDER
                                         United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT
9                      CENTRAL DISTRICT OF CALIFORNIA
10
11   JAIME BRETADO,                    )    NO. CV 07-4612-CAS (AGR)
12              Petitioner,            )
13                                     )
14        v.                           )
14                                     )    REPORT AND RECOMMENDATION
     JEANNE S. WOODFORD, Warden,       )    OF UNITED STATES MAGISTRATE
15                                     )    JUDGE
              Respondent.              )
16                                     )
17   _____)

18        The Court submits this Report and Recommendation to the Honorable
19   Christina A. Snyder, United States District Judge, pursuant to 28 U.S.C. § 636
20   and General Order No. 05-07 of the United States District Court for the Central
21   District of California. For the reasons set forth below, the Magistrate Judge
22   recommends the Petition for Writ of Habeas Corpus be denied.
23   ///
24   ///
25   ///
26   ///
27   ///
28   ///

1

## I.

## SUMMARY OF PROCEEDINGS

On September 18, 2002, Petitioner pled no contest to three counts of residential robbery and the personal use of a firearm.  (Petition at 2; Motion to Dismiss ("MTD") at 1.)  On February 20, 2003, Petitioner was sentenced to 23 years, eight months in prison.  (Id.)  On December 18, 2003, the California Court of Appeal affirmed the conviction.  (MTD, Exh. C.)

On March 9, 2004, Petitioner filed a motion in the Court of Appeal to vacate its previously filed opinion and refile it because Petitioner claimed he did not receive the opinion in time to file a petition for review with the California Supreme Court.  (Id., Exh. D.)  On March 11, 2004, the Court of Appeal denied the motion without explanation.  (Id., Exh. E.)

On April 6, 2004, Petitioner filed a petition for writ of habeas corpus and motion to recall the remittitur in the Court of Appeal, which was denied on April 14, 2004, without explanation.[1]  (Id., Exhs. F, G.)  On April 28, 2004, Petitioner filed a petition for writ of habeas corpus and petition for writ of mandate with the California Supreme Court, which was denied on March 30, 2005, without explanation.  (Id., Exhs. H, I.)

On July 13, 2007, Petitioner signed and mailed a Petition for Writ of Habeas Corpus by a Person in State Custody in this Court, which was filed on July 17, 2007.  On October 12, 2007, Respondent filed a motion to dismiss asserting that the petition was time-barred.  On April 14, 2008, the Court granted Petitioner's sixth request for an extension of time to file an opposition to the motion to dismiss.  Petitioner's opposition was due on May 12, 2008.  Also on April 14, 2008, Petitioner lodged 75 exhibits in support of his not-yet-filed opposition.  On May 16, 2008, another inmate, as a putative next friend of

---

[1] Petitioner was represented in his state habeas proceedings.

2

1    Petitioner, filed an ex parte application ("Application") for an extension of time for

2    Petitioner to file an opposition and a summary of Petitioner's arguments in

3    opposition.[2]  On May 20, 2008, the Court denied the application and directed

4    Petitioner to file a signed opposition no later than June 10, 2008.  On June 18,

5    2008, the same inmate filed a Declaration regarding Petitioner's opposition to the

6    motion to dismiss.  The Declaration states that, by approximately June 19, 2008,

7    Petitioner should have received the opposition, which he could then sign and mail

8    to the Court.  (Vargas Decl. ¶ 7, Docket No. 29.)  However, as of the date of this

9    Report and Recommendation, the Court has received nothing more from

10   Petitioner or the other inmate.

11       The Court has reviewed the entire file, including the 75 exhibits submitted

12   by Petitioner in opposition to the motion to dismiss, and the summary of argument

13   submitted by the other inmate.

14       This matter was taken under submission and is now ready for decision.

15                                          II.

16                                   **DISCUSSION**

17       The Antiterrorism and Effective Death Penalty Act of 1996 provides for a

18   one-year statute of limitations for filing a habeas petition in federal court.  28

19   U.S.C. § 2244(d).  Generally, the limitations period begins on the date a

20   petitioner's conviction becomes final.  28 U.S.C. § 2244(d)(1).  Because

21   Petitioner did not file a petition for review with the California Supreme Court on

22   direct appeal, his conviction became final on January 27, 2004, forty days after

23   the Court of Appeal's opinion was filed on December 18, 2003 (MTD, Exh. C).

24   *Gaston v. Palmer*, 417 F.3d 1030, 1033 (9th Cir. 2005).  Therefore, absent tolling,

25   the statute of limitations expired on January 27, 2005, one year later.

26   _____

27       [2]  The other inmate's name is Ray Vargas.  According to Vargas, he has
     prepared all papers filed by Petitioner in the instant action subsequent to the filing

28   of the petition itself.  (Vargas Decl. ¶ 2, Docket No. 27.)  Vargas included a
     summary of the arguments in opposition to the motion to dismiss.  (*Id.* ¶ 7.)

**A.    Statutory Tolling Under 28 U.S.C. § 2244(d)(2)**

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

There was no tolling from the time Petitioner's conviction became final on January 27, 2004, to the filing of his first state habeas petition on April 6, 2004 (70 days), because no case was "pending" during that period. *See Thorson v. Palmer,* 479 F.3d 643, 646 (9th Cir. 2007). Petitioner's statutory tolling ended when the California Supreme Court denied his petition on March 30, 2005. (MTD, Exh. I.)  At that point, he had 295 (365-70) days remaining in the limitations period, which expired on January 19, 2006.

Thus, absent equitable tolling, the federal petition, which was constructively filed 540 days later here, remains time-barred.

**B.    Equitable Tolling**

The Supreme Court has not yet decided whether 28 U.S.C. § 2244(d) allows for equitable tolling. *Lawrence v. Florida,* 127 S. Ct. 1079, 1085, 166 L. Ed. 2d 924 (2007). "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo,* 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 699 (2005) (citation omitted). "The prisoner must show that the extraordinary circumstances were the cause of his untimeliness." *Spitsyn v. Moore,* 345 F.3d 796, 799 (9th Cir. 2003) (citation and internal quotation marks omitted). "Equitable tolling is justified in few cases, though.  Indeed, the threshold necessary to trigger equitable tolling . . . is very high, lest the exceptions swallow the rule." *Id.* (citation and internal quotation marks omitted).

Even if the Court assumes that Petitioner would adopt Vargas's arguments, the petition is still untimely. (*See* Vargas Decl. ¶ 7, Docket No. 27.)

4

1    Vargas sets forth three time periods for equitable tolling.  First, he contends

2    that the 70-day period from January 27, 2004 (when Petitioner's conviction

3    became final) to April 6, 2004 (the filing date of the first state habeas petition)

4    should be tolled because of ineffective assistance of Petitioner's appellate

5    counsel.  (*Id.*)  Even assuming Petitioner is entitled to equitable tolling because of

6    the problem with his direct appeal, he is not entitled to the entire 70 days.  As of

7    March 9, 2004, Petitioner was aware of the alleged problem with notice of the

8    disposition of his appeal.  He could have protectively filed a state habeas petition

9    as of that date, in addition to trying to resolve the notice issue.  Therefore, without

10   deciding the merits of the equitable tolling argument, at best Petitioner would gain

11   42 days of tolling (from January 27 to March 9, 2004) and would therefore have

12   323 instead of 295 days remaining in the limitations period.

13       Second, Vargas contends Petitioner is entitled to equitable tolling from

14   March 30, 2005, to July 15, 2005, the date on which Petitioner received his

15   record on appeal.  (*Id.*)  However, lack of transcripts is not a basis for equitable

16   tolling.  *See United States v. Battles*, 362 F.3d 1195, 1197 (9th Cir. 2004) ("lack

17   of transcripts [does] not actually make it impossible" to file a habeas petition);

18   *Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002) ("[T]he state's alleged

19   refusal here to provide [petitioner] with a complete transcript does not justify

20   equitable tolling"), *cert. denied*, 537 U.S. 1121 (2003); *Fadayiro v. United States*,

21   30 F. Supp. 2d 772, 779-80 (D.N.J. 1998) (delay in receipt of transcripts does not

22   justify equitable tolling).  Moreover, it was unnecessary for Petitioner to obtain the

23   transcripts before filing his petition here as Respondent would have been

24   required to lodge the transcripts.  *See* Rule 5(c) of the Rules Governing § 2254

25   Cases.  Therefore, absent additional tolling after July 25, 2005, the limitations

26   period would expire on February 16, 2006, 323 days after March 30, 2005.

27       Even assuming Petitioner would receive equitable tolling during the periods

28   January 27 through April 6, 2004, and March 30 through July 15, 2005, the

5

1  Petition would still be time-barred.  The one-year statute of limitations would have

2  expired one year later on July 15, 2006.

3          Therefore, the crux of the matter is Vargas's argument that Petitioner is

4  entitled to equitable tolling from July 25, 2005, until July 13, 2007, because of a

5  prison lockdown, insufficient access to the law library, and an inadequate law

6  library.

7          The exhibits submitted by Petitioner do not show he was unable to file a

8  timely federal habeas petition.[3]  The exhibits indicate that the prison was on

9  lockdown, permitting law library access only for inmates with approved court

10  deadlines, during a 26-day period from August 18 through September 12, 2005.

11  On August 18, the prison went into lockdown mode and a state of emergency

12  was declared because of "a series of attempted homicides on staff" on the "C

13  Facility." (Exh. U-134; *see also* Exhs. S, U.)  The lockdown affected all inmates.

14  (*Id.*)  Access to the law library was permitted, but only for "approved court

15  deadlines."[4]  (*Id.*)  Although the prison was still in lockdown mode as of

16  September 12, 2005, access to the law library had improved to "Normal," which

17  ///

18  ///

19  ///

20

21          [3]   The exhibits cover the time period from about August of 2000 to the
present.  The exhibits dated before July 2005 or after July of 2007 are generally

22  considered for background.  The 75 exhibits are comprised of the following types
of documents:

23          (1)     Prison memorandums
          (2)     Program Status Reports ("PSR")

24          (3)     Inmate grievances and related appeal documents
          (4)     Letters

25          (5)     California court documents

26          [4]   In a Director's Level Appeal Decision dated May 30, 2006, in response
to a grievance filed by Inmate Throop, Grannis, the Chief of the Inmate Appeals

27  Branch, stated that on August 18, 2005, the prison has been on Modified
Program because of attempted homicides of prison staff.  (Exh. CC-163-64.)

28  Grannis also stated that the "Law Library was approved for court deadlines and
then only six inmates a day were approved." (*Id.* CC-163.)

1    meant "12 inmates unrestrained (2 C/Os)."[5]  (Exh. W-138.)  The same status

2    continued until March 21, 2006.  (Exhs. W-139, Y, BB-156, DD-165, EE-166, FF-

3    167, II-170, JJ-172, JJ-173, MM-186, MM-187.)

4         The exhibits indicate that the prison again went on a modified program

5    during which only inmates with court approved deadlines could gain access to the

6    law library during a 56-day period from March 21 through May 15, 2006, when

7    access to the law library returned to "Normal."  (Exhs. LL-182, OO-191, PP-192,

8    QQ-195, SS-197, SS-198, SS-199, VV-206, AAA, DDD, FFF, HHH, JJJ.)  The

9    exhibits do not indicate any additional periods of non-normal access to the law

10   library.

11        Even assuming that Petitioner is given the benefit of equitable tolling during

12   the two periods of non-normal access to the law library totaling 82 days, the

13   statute of limitations would expire on October 5, 2006,[6] and the Petition would still

14   be time-barred.

15        Petitioner attached *no* grievances from himself during this period indicating

16   that he personally could not access the library to prepare and file his federal

17   petition.  All exhibits involve inmates *other than* Petitioner.[7]  Moreover, the

18   ///

19   ///

20

21        [5]  By September 16, 2005, the prison had gone into "Modified Program"
     rather than "Lockdown."  (*Id.* W-139.)  However, access to the law library
22   remained the same as it was on September 12, 2005.  (*Id.*)

23        [6]  After expiration of the statute of limitations, there appear to have been
     time periods in 2007 during which inmate access to the law library was unclear.
24   (*See* Exh. NNN-290 (April 4, 2007:  "During modified programs safety and
     security concerns may not allow for scheduling inmates with court deadlines and
25   their inmate assistants" and directing inmates with court deadlines to submit the
     appropriate documentation); Exh. NNN-293 (on July 26, 2007, describing law
26   library access the same as in Exh. NNN-290.)

27        [7]  (*See* Exhs. AA (inmate Miron); CC (inmate Throop); LL (inmate Rosser);
     NN (inmate Alferez); QQ (inmate Vargas); TT (inmate Vargas); WW (inmate
28   Vargas); ZZ (inmate Thomas); BBB (inmate Vargas); CCC (inmate Romero); III
     (inmate Cano); NNN (inmate Martinez); TTT (inmate Vargas).)

1    exhibits indicate inmates had access to the law library.[8]  *See Roy v. Lampert*, 465

2    F.3d 964, 973 (9th Cir. 2006) (a petitioner must "alleg[e] what [he] did to pursue

3    [his] claims and complain about [his] situation[], and alleg[e] that [he] did so

4    before AEDPA's statute of limitations expired"), *cert. denied*, 127 S. Ct. 1880

5    (2007).  One grievance contends that there were no Hispanic clerks to help

6    Spanish-speaking inmates.  The responses to the grievance indicates that an

7    inmate with language issues "may use DOM 53060 (Attachment E) to request

8    assistance from other inmates."[9]  (Exh. CC-160; Exh. III-273.)  Petitioner does not

9    allege or provide any documentation that he ever submitted a DOM 53060 form

10   to request inmate assistance.

11        As to the inadequacy of the law library, there is no showing as to how any

12   inadequacy prevented Petitioner from filing a timely federal habeas petition.  A

13   general, conclusory allegation is insufficient to warrant relief.  *See James v. Borg*,

14   24 F.3d 20, 26 (9th Cir.) ("Conclusory allegations which are not supported by a

15   statement of specific facts do not warrant habeas relief.") (citation omitted), *cert.*

16   *denied*, 513 U.S. 935 (1994).  Petitioner does not establish a nexus between any

17   deficiency and his ability to prepare and file the instant petition.  (*See, e.g.,* Exh.

18   XX-226 (appeal response dated July 19, 2006 indicating "gaps in the Law Library

19   collection" was corrected by installation of four computer stations)); *see Gaston*,

20   417 F.3d at 1034 ("Gaston has not shown any causal connection between his

21   self-representation on direct appeal and his inability to file a federal habeas

22   application."); *Spitsyn*, 345 F.3d at 802 ("[I]f the person seeking equitable tolling

23   has not exercised reasonable diligence in attempting to file, after the

24

25        [8]  For example, the exhibits indicate Vargas attended the law library on
26   May 3, 5, 9, 11, 19, 23, 25, 2006, and on June 6, 8, and 12, 2006.  (Exh. TT-203.)
     Inmate Rosser attended the law library on January 17, 2006; February 10, 2006;
27   and March 10 and 14, 2006.  (Exh. LL-176.)

28        [9]  *See also* Exh. GG-168 ("there is a system in place which allows any
     inmate the ability to request legal assistance from an inmate of their choice").

                                          8

extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken.") (citation and internal quotation marks omitted).

Nonetheless, even assuming equitable tolling during the periods January 27 through April 6, 2004; March 30 through July 15, 2005; August 18 through September 12, 2005; and March 21 through May 15, 2006, the petition is still time-barred.

## III.

## RECOMMENDATION

For the reasons discussed above, it is recommended that the District Court issue an Order (1) adopting this Report and Recommendation; and (2) directing that judgment be entered denying the Petition and dismissing this action with prejudice.

DATED:  July 16, 2008

ALICIA G. ROSENBERG
United States Magistrate Judge

9

## NOTICE

Reports and Recommendations are not appealable to the Court of Appeals, but are subject to the right of any party to file Objections as provided in the Local Rules Governing Duties of Magistrate Judges, and review by the District Judge whose initials appear in the docket number.  No Notice of Appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the Judgment of the District Court.

10